

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 24 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ALLEN CARTER                                                    PLAINTIFF

VS.                         NO. 3:20-cv-00378 LPR

LIFE INSURANCE COMPANY OF NORTH
AMERICA and ABB INSTALLATION PRODUCTS, INC.              DEFENDANTS

This case assigned to District Judge __RUDOFSKY__
and to Magistrate Judge __VOLPE__

**COMPLAINT**

Plaintiff, Allen Carter, by and through his undersigned attorney, Brandon Lacy of Lacy Law Firm, and for his Complaint against Defendants, Life Insurance Company of North America and ABB Installation Products, Inc., states:

**JURISDICTION AND VENUE**

1.   This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.§§ 1001 et seq. ("ERISA"), to recover benefits due under an employee benefit plan, to redress breaches of fiduciary duties under ERISA, and to recover costs and attorneys' fees as provided by ERISA.

2.   This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA, 29 U.S.C. § 1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. 1132(e)(1) and 28 U.S.C. § 1331. Under section 502(f) of ERISA, 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3.   Venue is properly laid in this district pursuant of section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b), in that one or more of the Defendants resides or is found in this district.

## PARTIES

4.      Plaintiff Allen Carter is an individual residing in Jonesboro, Craighead County, Arkansas.

5.      Defendant Life Insurance Company of North America ("LINA") is a foreign corporation with its principal place of business located in a state other than Arkansas. Defendant LINA served as and performed the function of the administrator of Plaintiff's claim. As claims administrator, LINA made the determination to approve or disapprove disability claims made by participants of the Plan. LINA ostensibly operated, therefore, as a "fiduciary" of the Defendant Plan within the meaning of sections 3(21) and 405(c) of ERISA, 29 U.S.C. § 1002(21) and § 1105(c). LINA's registered agent for service of process is CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

6.      Defendant ABB Installation Products, Inc. ("ABB") is a foreign corporation doing business in a state other than Arkansas. ABB is the Plan sponsor and "named fiduciary" of the Defendant Plan, within the meaning of § 3(16)(A) & (B), § 3(21)(A), and § 405(c) of ERISA, 29 U.S.C. § 1002(16)(A) & (B), § 1002(21)(A), and § 1105(c). ABB is a fiduciary of the Plan within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). ABB is a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14). ABB's registered agent for service of legal process is CT Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

### COUNT I:  CLAIM FOR DISABILITY BENEFITS UNDER THE PLAN

7.      Paragraphs 1-6 are re-alleged and incorporated by reference as if fully set forth herein.

8. This Action falls under 29 U.S.C. §1132 of ERISA seeking recovery of benefits by Plaintiff.

9. Plaintiff is a participant in an employee benefit plan which provided disability insurance coverage. The policy of disability insurance under which she has made a claim for benefits that was denied was renewed after March 1, 2013.

10. As a participant, Plaintiff was entitled to short term disability benefits.

11. Plaintiff is disabled as a result of injuries sustained in a motor vehicle collision.

12. Defendants initially approved Plaintiff's claim for disability benefits only to later deny his claim based upon the same available medical information. Defendants have unilaterally, arbitrarily and capriciously denied Plaintiff's claim for disability benefits. This unilateral and arbitrary denial of Plaintiff's disability benefits violates the provisions of ERISA and the provisions of the Plan itself.

13. The amount of harm to Plaintiff is continuing at this time and is in excess of Federal Diversity Jurisdiction.

14. Pursuant to 29 U.S.C. § 1001 et seq., Plaintiff is entitled to recover all benefits due and owed under the Plan, past and future, all consequential and incidental damages incurred in result of the wrongful denial and termination of benefits thereunder, and all attorneys fees and costs herein expended.

**COUNT TWO: EQUITABLE RELIEF**

15. Paragraphs 1-14 are re-alleged and incorporated by reference as if fully set forth herein.

16. ABB is the Plan sponsor and "named fiduciary" of the Defendant Plan, within the meaning of § 3(16)(A) & (B), § 3(21)(A), and § 405(c) of ERISA, 29 U.S.C. § 1002(16)(A) & (B), § 1002(21)(A), and § 1105(c). ABB is a fiduciary of the Plan within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

17. 29 U.S.C. § 1132(a)(3) also permits the Plaintiff pursue equitable relief to enforce ERISA's provisions or the terms of the Plan. This statutory provision encompasses claims for breach of fiduciary duty, waiver, and estoppel.

18. Plaintiff is entitled to recover against Defendants for breach of fiduciary duty, waiver, and estoppel, pursuant to 29 U.S.C. § 1132(a)(3) for its actions in this case. Specifically, Defendants initially approved Plaintiff's claim for disability benefits only to deny his claim based upon the same available medical information and a lack of improvement and condition. Defendants have failed to conduct a full and fair review, have ignored relevant medical information, and have failed to obtain or consider other medical information that would support Plaintiff's claim.

19. Pursuant to 29 U.S.C. § 1001, et seq., Plaintiff is entitled to recover all benefits due and owed under the Plan as a result of the Defendant's breach of fiduciary duty and under the equitable principles of waiver and estoppel encompassed in the ERISA statutory provision.

**COUNT THREE: ATTORNEY'S FEES**

20. Paragraphs 1-19 are re-alleged and incorporated by reference as if fully set forth herein.

21. Plaintiff is entitled to recover a reasonable attorney's fee and costs of the action herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

(1)     Award Plaintiff all past and future disability benefits to which he is entitled and interest as it has accrued since date of original entitlement;

(2)     Award Plaintiff the costs of this action and reasonable attorneys' fees; and

(3)     Award such other, further and different relief as may be just and proper.

Respectfully Submitted,

Brandon W. Lacy
**LACY LAW FIRM**
630 S. Main Street
Jonesboro, AR 72401
870-277-1144

_____
Brandon W. Lacy  #03098